UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Andrew Lee,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Las Vegas Metropolitan Police Department,<br><br>　　　　　Defendant(s). | 2:24-cv-01751-RFB-MDC<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION TO STAY (ECF NO. 28)**<br><br>And<br><br>**ORDER DENYING MOTION TO STRIKE WITHOUT PREJUDICE (ECF NO. 25)** |

Pro se plaintiff Andrew Lee filed a *Motion to Stay and a Motion to Strike. ECF Nos. 28 and 25*. The Court **DENIES** the Motion to Strike and **RECOMMENDS** that the Motion to Stay be **DENIED**.

**I.     MOTION TO STAY**

The courts power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 254 (1936), see also *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under [Landis].").

The court must consider three factors in determining whether to issue a stay: "(1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *E.A.R.R. v. U.S. Dep't of Homeland Sec.*, No. 20-cv-2146 TWR (BGS), 2021 WL 4933264, at *1 (S.D. Cal. Feb. 19, 2021) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (citation omitted). "If the opposing party can show 'even a fair possibility' of harm

due to the stay, the party requesting the stay 'must make out a clear case of hardship or inequity.'" E.A.R.R., 2021 WL 4933264, at *1 (quoting *Lockyer*, 398 F.3d at 1112).

Plaintiff asks for a nine-month total stay of this case because he says he has been hacked and cannot file anything electronically. *ECF No. 28*. The Court finds that plaintiff has not met his burden to stay this case. The possible damage is that staying the case for nine months could result in fading memories of the underlying factual background given the delay. Defendant would also be prejudiced because it could unnecessarily delay the adjudication of defendant's dispositive motion or delay any potential trial. Staying this case for nine months would deter the orderly course of justice because it would complicate the issues, proof, and questions of law. Plaintiff would not be prejudiced, on the other hand, because plaintiff can file and be served filings via U.S. mail. The undersigned thus recommends that the plaintiff's Motion to Stay be **DENIED.**

**II.    MOTION TO STRIKE**

"Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery," motions to compel filed after the close of discovery generally are deemed untimely." *Green Aire for Air Conditioning W.L.L. v. Salem*, No. 118CV00873LJOSKO, 2020 U.S. Dist. LEXIS 1568, 2020 WL 58279, at *2 (E.D. Cal. Jan. 6, 2020) (quoting *Thomason v. City of Fowler*, No. 1:13-CV-00336-AWI-BAM, 2014 U.S. Dist. LEXIS 126135, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases)). District courts "within the Ninth Circuit have regularly denied motions to compel when those motions were filed after the close of discovery." *Peck v. Cincinnati Ins. Co.*, No. 1:14-CV-00500-BLW, 2016 U.S. Dist. LEXIS 192932, 2016 WL 9308018, at *2 (D. Idaho May 3, 2016) (citing *Kizzee v. Walmart, Inc.*, No. CV 10-0802-PHX-DGC, 2011 U.S. Dist. LEXIS 90898, 2011 WL 3566881 (D. Ariz. Aug. 15, 2011) (denying motion to compel filed three months after the close of discovery and after motions for summary judgment had been filed); *see also Christmas v. MERS*, No. 2:09-cv-01389-RLH-GWF, 2010 U.S. Dist. LEXIS 79137, 2010 WL 2695662 (D. Nev. July

2, 2010) (denying motion to compel filed after deadline for discovery and dispositive motions as untimely)).

When faced with a motion to compel that is filed after the close of discovery, courts consider a number of factors in deciding whether the motion should nevertheless be considered:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule.

*Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. (2006)) (collecting cases looking to discovery deadline date to determine whether a motion to compel is timely filed); see also Rogers v. Brauer Law Offices, PLC, CV-10-1693-PHX-LOA, 2011 U.S. Dist. LEXIS 93905, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting Ninth Circuit cases where courts have denied discovery motions filed after the discovery deadline). While pro se litigants act without attorneys, they nevertheless remain obligated to follow the same rules as represented parties. See *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam).

Plaintiff's Motion to Strike, construed liberally, is a request to excuse his failure to timely respond to defendant's Requests for Admission. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed[.]'"). The Court denies the Motion to Strike. Regarding the first two factors, plaintiff's motion is untimely and he does not establish excusable neglect why he failed to act for over six months, after defendant's Request for Admissions were served on January 16, 2025. Regarding the third factor, discovery closed on June 23, 2025 and the parties did not extend it. Regarding the fourth factor, plaintiff does not explain the reason for his delay, but even considering plaintiff's explanation in his competing motion that he has been hacked, plaintiff could have filed the instant motion through the mail sooner. The fifth factor weighs in

the defendant's favor as it has already filed a dispositive motion. This case is two years old, so the age of the case factor also weighs in the defendant's favor. The seventh factor also weighs in the defendant's favor because it would be prejudiced if plaintiff were allowed to reset discovery at this late stage. Excusing plaintiff's tardiness now would also disrupt the Court's schedule as this case is close to the end. The Court finds that all the Days Inn factors weigh against the plaintiff, and thus denies plaintiff's Motion to Strike.

**IT IS RECOMMENDED** that the plaintiff's *Motion to Stay* (ECF No. 28) be **DENIED**

**IT IS ORDERED** that plaintiff's *Motion to Strike* (ECF No. 25) is **DENIED.**

Dated: December 19, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**